NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROSALINDA AQUINO-SANCHEZ, | No.    20-73684 |
| Petitioner, | Agency No. A205-713-007 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2023[**]
Pasadena, California

Before:  WALLACE, HURWITZ, and BADE, Circuit Judges.

Rosalinda Aquino-Sanchez, a Mexican citizen, petitions for review of the

Board of Immigration Appeals' (BIA) order denying her motion to reopen removal

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

proceedings sua sponte.[1]  Because the BIA's denial of sua sponte reopening did not rely upon "legal or constitutional error," we lack jurisdiction and therefore dismiss the petition.  *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016).

Aquino states that she entered the United States in July 2000 and has not departed the country since.  Her mother is a lawful permanent resident and Aquino's four children are U.S. citizens, including a daughter who was diagnosed in 2015 with a learning disability that requires hours of special education per week.

Aquino was placed into removal proceedings in 2013 and applied for cancellation of removal.  After that application was pretermitted, Aquino appealed, and the BIA dismissed her appeal in May 2016.  In April 2020, Aquino filed a motion seeking reopening of her removal proceedings pursuant to the BIA's sua sponte authority under 8 C.F.R. § 1003.2(a).  Aquino contends that, despite the untimely motion, she has an "exceptional and extremely unusual hardship" under 8 U.S.C. § 1229b(b)(1)(D) that warrants reopening: if Aquino is removed to Mexico and her daughter accompanies her, her daughter will be deprived of the necessary special education for her learning disability, which is not readily available in Mexico.  Aquino's petition for review argues that the BIA never considered this argument,

---

[1]    The BIA also denied Aquino's motion to reopen as untimely.  Aquino's petition for review does not contest that decision.

2

and instead issued a "boilerplate" decision that did not constitute an individualized review as required. *Ghaly v. INS*, 58 F.3d 1425, 1430 (9th Cir. 1995).

The decision to reopen sua sponte is left to the BIA's discretion. *See* 8 C.F.R. § 1003.2(a); *Bonilla*, 840 F.3d at 585–86. The BIA invokes such authority "sparingly, treating it not as a general remedy for any hardships created by enforcement of the time and number limits in the motions regulations, but as an extraordinary remedy reserved for truly exceptional situations." *In Re G-D-*, 22 I. & N. Dec. 1132, 1133–34 (B.I.A. 1999).

We generally do not have jurisdiction to review the BIA's denial of sua sponte reopening because "the 'exceptional situation' benchmark does not provide a sufficiently meaningful standard to permit judicial review." *Bonilla*, 840 F.3d at 586. We do have jurisdiction to review the denial, however, if the BIA's reasoning behind the decision consisted of a "legal or constitutional error." *Id.* at 588.

Aquino, however, has not demonstrated either legal or constitutional error by the BIA. The BIA may commit legal error by providing only a "cursory and generalized analysis" explaining its decision not to reopen, but here the BIA provided a statement addressing Aquino's specific situation. *Arrozal v. INS*, 159 F.3d 429, 433 (9th Cir. 1998). Although its analysis was brief, the BIA's order denying sua sponte reopening acknowledged that Aquino's U.S.-citizen daughter has a learning disability, indicating individualized consideration of Aquino's

3

motion. *Id*. at 433. Moreover, Aquino has not overcome the presumption that the BIA reviewed her evidence. *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006).

**PETITION FOR REVIEW DISMISSED.**